# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7502 | **DATE** | 3/15/2013 |
| **CASE TITLE** | Integra Bank, National Association vs. Hillgaymer, et al. | | |

**DOCKET ENTRY TEXT**

MOTION by Counter-Defendant Federal Deposit Insurance Corporation as Receiver for Integra Bank National Association to strike [13] is denied. Counter-Defendant Bradley M. Stevens' motion to dismiss counter-plaintiff's counter-complaint pursuant to FRCvP 9(b) and 12(b)(6) [20] is stricken without prejudice for failure to comply with Local Rule 5.3.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On April 20, 2011, Deborah Hillgamyer ("Mrs. Hillgamyer") filed a petition pursuant to Section 2-1401 of the Illinois Code of Civil Procedure to vacate a judgment of foreclosure entered against her on December 2, 2009. Integra Bank ("Integra") previously made two loans to Mrs. Hillgamyer and her husband, Henry Hillgamyer, to secure a mortgage on a residence located at 4040 Linden, Western Springs, Illinois. The first loan was issued on April 12, 2006 for $450,000.00 and the second loan was issued on June 21, 2007 for $100,000.00. The Hillgamyers eventually defaulted on the loans and a state court granted Integra's motion for summary judgment. Subsequently, Integra purchased the property at auction. An order confirming the sale and distribution was entered on March 15, 2010. Integra then sold the property to purchasers who were not parties to the foreclosure action. Mrs. Hillgamyer alleges that she never signed for any of the loans. Mrs. Hillgamyer alleges further that the first loan of $450,000.00 does not contain her signature and that her signature was forged on the $100,000.00 loan. Mrs. Hillgamyer also alleges that she was unaware of the foreclosure proceedings until after the death of her husband on March 2, 2011. Mrs. Hillgamyer states that she never retained or authorized the attorney who appeared on her behalf in the foreclosure action to represent her and that her husband hid the state foreclosure proceedings from her. In her petition Mrs. Hillgamyer requests: (1) that the judgment of foreclosure entered against her be vacated, (2) for the opportunity to reply to the foreclosure complaint, and (3) for the attorney who filed an appearance on her behalf to be withdrawn.

On September 26, 2011, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for Integra. On July 11, 2012, the FDIC filed a motion to strike Mrs. Hillgamyer's petition. The FDIC argues that Mrs. Hillgamyer's petition should be denied because the judgment of foreclosure was not final and because the rights of non-parties would be adversely affected by vacating the judgment. The FDIC argues further that because Mrs. Hillgamyer was represented by counsel in the underlying foreclosure, she is bound

**STATEMENT**

by the judgments and rulings entered.

Initially, the parties dispute whether the judgment of foreclosure was a final judgment to which Mrs. Hillgamyer may seek relief pursuant to Section 2-1401. Section 2-1401 provides relief from a final judgment after 30 days from the judgment's entry. § 735 ILCS 5/2-1401. Relief pursuant to Section 2-1401 is only available if there is a final and appealable order entered in the case. *EMC Mortg. Corp. v. Kemp*, 982 N.E.2d 152, 2012 IL 113419, P10 (Ill. 2012); *see also* § 735 ILCS 5/2-1401 (providing "[r]elief from *final orders and judgments*, after 30 days from the entry thereof, may be had upon petition" (emphasis added)).

The FDIC argues that the judgment of foreclosure is not final because it does not include language from the Illinois Supreme Court's Rule 304(a). Mrs. Hillgamyer argues that the judgment of foreclosure is final and appealable because an order confirming sale was entered. It is well-settled that "a judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and directing the distribution." *EMC Mortg. Corp.*, 2012 IL 113419 at P11. Accordingly, "it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case." *Id.* The exception to this is where the court makes a finding pursuant to Rule 304(a). Rule 304(a) requires the trial court to make an express written finding in the judgment of foreclosure that "there is no just reason for delaying either enforcement or appeal." Ill. Sup. Ct., R 304(a). A judgment of foreclosure is final and immediately appealable where it contains such language. *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 260 (Ill. App. Ct. 2d Dist. 2008).

In this case, on March 15, 2010, the state trial court entered an order confirming the sale and directing distribution of the property. (Order Confirming Sale Dkt. 1, Ex. 5). The fact that the judgment of foreclosure did not contain Rule 304(a) language is immaterial because an order confirming sale and directing distribution was issued at the time Mrs. Hillgamyer filed her Section 2-1401 petition. Moreover, here, the order confirming sale contains Rule 304(a) language, expressly providing that "[t]here is no just reason to delay enforcement of or appeal from this final appealable Order." (Order Confirming Sale Dkt. 1, Ex. 5). Accordingly, the judgment of foreclosure is a final and appealable order to which Mrs. Hillgamyer may seek Section 2-1401 relief.

Next, the parties dispute whether Section 2-1401(e) of the Illinois Code of Civil Procedure prohibits vacating the judgment of foreclosure when the property at issue was later sold to third parties who were not parties in the original mortgage foreclosure proceedings. Section 2-1401(e) provides that, unless lack of jurisdiction appears affirmatively from the record, the vacation or modification of an order or judgment under Section 2-1401 does not affect the right, title or interest in property purchased by a person not a party to the action after the judgment and before the filing of the petition. 735 ILCS 5/2-1401(e). "This section bars a party from seeking relief against the property; however, it does not bar a party from seeking other relief that may be fashioned by the court." *Mid-America Federal Sav. & Loan Ass'n v. Liberty Bank*, 204 Ill. App. 3d 995, 999 (Ill. App. Ct. 2d Dist. 1990). Accordingly, despite the FDIC's arguments to the contrary, Section 2-1401(e) does not prevent all Section 2-1401 petitions to vacate where the property at issue has been sold to non-party purchasers. Section 2-1401(e) merely prevents the petitioner from any claims to the property sold to such third parties. While Mrs. Hillgamyer may not attain any remedy that affects the right, title, or interest in the property purchased by the third parties, she may seek other relief against the FDIC where appropriate. Accordingly, the FDIC's motion to dismiss Mrs. Hillgamyer's Section 2-1401 petition because third parties purchased the property is denied.

Lastly, this Court briefly addresses the FDIC's argument concerning Mrs. Hillgamyer's representation in the

**STATEMENT**

mortgage foreclosure proceedings. The FDIC argues that Mrs. Hillgamyer's petition should be denied because she was represented by an attorney in the mortgage foreclosure proceeding and is therefore bound by any judgments and orders entered. This argument is unpersuasive. Mrs. Hillgamyer argues in her petition that she never retained the attorney in the mortgage foreclosure action and that she never gave him any authority to represent her. As her representation is contested, this cannot serve as the basis upon which her petition is denied.

Accordingly, the FDIC's motion is denied.