UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE ) <br> CORPORATION, as Receiver for INTEGRA ) <br> BANK, NATIONAL ASSOCIATION, successor ) <br> in interest to PRAIRIE BANK AND TRUST ) <br> COMPANY, a national banking association, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEBORAH HILLGAMYER, et al, ) <br>     Defendants. ) <br> ) <br> ) <br> DEBORAH HILLGAMYER, ) <br>     Counter-Plaintiff ) <br> ) <br> v. ) <br> ) <br> FEDERAL DEPOSIT INSURANCE ) <br> CORPORATION, as Receiver for INTEGRA ) <br> BANK, NATIONAL ASSOCIATION, successor ) <br> in interest to PRAIRIE BANK AND TRUST ) <br> COMPANY, a national banking association, ) <br> BRADLEY M. STEVENS; PATRICIA A. ) <br> TYNSKI; and SUSAN NIBLACK, ) <br>     Counter-Defendants. ) | Case No. 11-cv-7502 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Counter-defendants Federal Deposit Insurance Corporation ("the FDIC"), as receiver for Integra Bank ("Integra"), Patricia Tynski ("Tynski") and Bradley M. Stevens ("Stevens") move to dismiss counter-plaintiff, Deborah Hillgamyer's ("Hillgamyer") counter-complaint. For the following reasons, the FDIC's motion to dismiss is denied, Tynski's motion to dismiss is granted in part and denied in part, and Stevens' motion to dismiss is granted.

**Background**

Integra made two loans to Hillgamyer and her husband, Henry Hillgamyer, (collectively "the Hillgamyers") to secure a mortgage on a residence located at 4040 Linden, Western Springs, Illinois. The first loan was issued on April 12, 2006, for $405,000 and the second loan was

issued on June 21, 2007, for $100,000. The Hillgamyers eventually defaulted on both loans. On December 3, 2008, Integra filed a complaint to foreclose mortgage against the Hillgamyers in the Circuit Court of Cook County. Summary judgment and judgment of foreclosure and sale was entered against the Hillgamyers on December 2, 2009. Subsequently, Integra purchased the property at auction and the circuit court entered an order confirming the sheriff's report of sale and distribution on March 15, 2010. Integra then sold the property to a third party.

On April 20, 2011, Hillgamyer filed a petition to vacate judgment of foreclosure pursuant to Section 2-1401 of the Illinois Code of Civil Procedure, alleging that she never signed for any of the loans. She claims that the first loan does not contain her signature, that her signature was forged on the second loan and that she was unaware of the foreclosure proceedings until after her husband's death on March 2, 2011. The FDIC was appointed as receiver for Integra on September 26, 2011, and subsequently removed the case to the Northern District of Illinois. Hillgamyer filed a proof of claim with the FDIC on November 1, 2011. Notice of disallowance of Hillgamyer's claim was issued on April 11, 2012.

On June 28, 2012, Hillgamyer filed the instant counter-complaint against counter-defendants the FDIC, Tynski, Bradley M. Stevens and Susan Niblack. Hillgamyer alleges that she sustained damages in the amount of $605,000 and alleges slander of title, conversion, taking without just compensation, violation of the Illinois Notary Public Act, negligent training, negligent supervision, violation of the Illinois Consumer Fraud Act.

The FDIC, Tynski and Stevens now move to dismiss Hillgamyer's counter-complaint pursuant to Fed.R.Civ.P. 9(b), 10(b), 12(b)(1) and 12(b)(6).

**Legal Standard**

In order to survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. When ruling on a motion to dismiss, courts accept all well-pleaded allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

**1. The FDIC's Motion to Dismiss Pursuant Fed.R.Civ.P. 12(b)(1)**

The FDIC argues this court lacks jurisdiction pursuant to Rule 12(b)(1) because Hillgamyer's counter-complaint is time barred under 12 U.S.C. 1821(d)(6). The Financial Institutions, Reform, Recovery and Enforcement Act of 1989 ("FIRREA") Pub. L. No. 101-73, § 183 *et seq*. established a procedure for all claims against failed institutions. FIRREA requires a claimant to first file a claim directly to the FDIC as receiver and allow the administrative process to run before filing a lawsuit or continuing litigation. 12 U.S.C. § 1821(d)(3)(A). The FDIC has 180 days to make a decision to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(ii). If the FDIC does not issue a decision on the claim by the end of the 180 days and there is no agreed upon extension, the claim is deemed denied. 12 U.S.C. § 1821(d)(6)(B). In order to preserve their rights, a claimant must "file suit on such claim (or continue an action commenced before the appointment of the receiver)" in the district court within 60 days after the claim is denied or within 60 days after of the 180-day period ends, whichever comes first. 12 U.S.C. § 1821(d)(6).

Hillgamyer filed her proof of claim against the FDIC on November 1, 2011. The FDIC had 180 days from that date, until April 29, 2012, to issue its decision. The FDIC mailed its notice of disallowance on April 11, 2012. The Court notes that in the absence of a decision from the FDIC, Hillgamyer was required to file suit or continue an action commenced before the FDIC was appointed receiver on or before June 28, 2012. Indeed, Hillgamyer's counter-complaint was filed June 28, 2012.

Hillgamyer allegedly never received notice of disallowance[1] and argues that the FDIC failed to meet notice requirements of Section 1821. Mailing of the notice of disallowance is sufficient when it is mailed to the last address of the claimant which appears: 1) on the depository institution's books, 2) in the claim filed by the claimant, or 3) in the documents submitted in proof of the claim. 12 U.S.C. § 1821(d)(5)(A)(iii). The FDIC mailed its notice of disallowance to the address listed on Hillgamyer's proof of claim. Moreover, in most cases, whether a claimant actually receives notice is immaterial. *Miller v. F.D.I.C.*, 2011 WL 4538685 at *7 (N.D. Ill. Sept. 29, 2011) (finding the date of mailing of the notice of disallowance triggers 60-day period within which a claimant must file suit or continue underlying action, even where notice of disallowance was allegedly never received).

---

[1] Hillgamyer's notice of disallowance was returned as undeliverable. (Dkt # 29-2 at p. 2.)

Generally, the notice of disallowance triggers the 60-day period within which a claimant must "file suit on such claim (or continue an action commenced before the appointment of the receiver)" in the district court. 12 U.S.C. § 1821(d)(6). Indeed, the Seventh Circuit has spoken directly on the issue of when the 60-day period to file a lawsuit or continue an action begins, stating:

> Section 1821(d)(6)(A) unambiguously describes two different dates, the earlier of which starts the clock ticking on the 60-day period during which a creditor must file suit on a claim. The first is "the date of any notice of disallowance of such claim...." Section 1821(d)(6)(A)(ii). The second date, which ordinarily will fall later than the first, is an outer limit unrelated either to the date of disallowance or to notice of such a decision. It falls at the end of the 180 days in which the receiver is to make a determination on a claim. Section 1821(d)(6)(A)(i). If the receiver decides and disallows a claim before its statutory 180–day deadline has elapsed, the second date never comes into play.

*Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 192 (7th Cir. 1993). However, the Court finds the facts of this case compelling and distinguishable to justify a divergence from the rule that the date of mailing triggers the 60-day period within which a claimant must initiate or continue suit where, as here, counsel for the FDIC did not know and, in fact, affirmatively represented to the Court that the FDIC had not issued a decision thirty days after the notice was mailed.

On May 11, 2012, the parties appeared for a status hearing at which time counsel for Hillgamyer explained that the FDIC had not responded within the 180-time period to allow or deny the claim and that Hillgamyer wished to "proceed forward on the underlying issues." (Dkt # 62 at p. 2). Indeed, counsel for the FDIC stated that counsel was "still waiting for the FDIC to make a final determination," that counsel was "not aware of a final determination on [Hillgamyer's] claim" and that counsel was "not aware of whether [the FDIC had] notified the claimant in regards to their determination" despite attempts to contact the FDIC. (*Id*.) Upon inquiry by the Court, counsel for the FDIC stated counsel had called and emailed the FDIC but the FDIC had not given "any sort of information in regards to their decision on this claim." (*Id*. at pp. 2-3.) The parties appeared again for status on June 11 (sixty-one days after the FDIC issued its notice of disallowance) and neither addressed the existence of the FDIC's notice of disallowance. (Dkt # 63.)

The FDIC moved to dismiss Hillgamyer's counter-complaint on April 24, 2013, more than one year after the FDIC allegedly disallowed Hillgamyer's claim. The FDIC now suggests that Hillgamyer could have easily determined the status of her claim at any time simply by

checking its daily-updated website, (Dkt # 59, FDIC reply brief, at p. 3), underscoring the fact that counsel for the FDIC could have determined the status of the claim at any time as well. Notably, counsel for the FDIC previously appeared before this Court and affirmatively represented that the FDIC had not issued a decision. Where, as here, the FDIC's left hand did not know what its right hand was doing, the FDIC cannot now argue it should benefit from its own lack of due diligence.

For the foregoing reasons, the Court finds that Hillgamyer's claim was deemed denied on April 29, 2012, 180 days after Hillgamyer filed her proof of claim. Thus, Hillgamyer timely filed her counter-claim on June 28, 2012, within the 60 day period to do so, and the FDIC's motion to dismiss is respectfully denied.

**2. Tynski's motion to dismiss pursuant Fed.R.Civ.P. 10(b) and 12(b)(6)**

Hillgamyer's counter-complaint alleges Tynski negligently and knowingly notarized a mortgage document as Hillgamyer's, although Hillgamyer did not sign or affirm she signed any of the documents, and that Tysnki "otherwise participated in the loss of use of her property, slander of title, conversion, taking without just compensation, violation of the Illinois Notary Public Act and violation of the Illinois Consumer Fraud Act." (Counter-Compl. at p. 3.)

**a. Rule 10(b)**

Tyski argues that Hillgamyer's complaint should be dismissed in its entirety for failure to comply with Rule 10(b). However, such a measure is uncalled for under the circumstances. Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. … If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense." Fed.R.Civ.P. Rule 10(b). The purpose of Rule 10(b) is to give defendants fair notice of the claims against them and the grounds supporting the claims. *Intercom Ventures, LLC v. FasTV, Inc.*, 2013 WL 2357621 (N.D. Ill. May 28, 2013). It is well within the courts discretion to dismiss a complaint for violating Rule 10(b), however, noncompliance is rarely a basis for dismissing a complaint unless the complaint is not understandable and does not provide defendants with fair notice of the claims asserted against a defendant. *Landmark Document Servs., LLC v. Omega Litig. Solutions, LLC*, 05 C 7300, 2006 WL 2861098 (N.D. Ill. Sept. 29, 2006) (internal quotations omitted). Although Hillgamyer's counter-complaint lumps all her claims against Tynski into a single paragraph, it is not difficult

to identify the various claims made against her. *See id.* A more appropriate remedy may be to move for a more definite statement under rule 12(e). Therefore, Tynski's motion to dismiss pursuant to Rule 10(b) is denied.

**b. Rule 12(b)(6)**

Tynski argues that Hillgamyer's claims of conversion, taking without just compensation and violation of the Illinois Consumer Fraud Act should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Tysnki's Rule 12(b)(6) argument does not address Hillgamyer's claims for slander of title and violation of the Illinois Notary Public Act.

To state a claim of conversion under Illinois law, Hillgamyer must establish that: (1) she has a right to the property; (2) she has an absolute and unconditional right to the immediate possession of the property; (3) she made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Loman v. Freeman,* 890 N.E.2d 446, 461 (Ill. App. Ct. 2008). Real property, which is what Hillgamyer alleges was converted, cannot be the subject of a conversion claim, therefore her claim for conversion fails as a matter of law. *Elesh v. Ocwen Loan Servicing, LLC*, 2013 WL 1707934 at *2 (N.D. Ill. Apr. 19, 2013); *see also Thomas v. Urban P'ship Bank*, 2013 WL 1788522 at * 10 (N.D. Ill. Apr. 26, 2013) (the law does not permit a conversion claim when only real property is at issue).

Likewise, Hillgamyer's taking without just compensation claim fails as a matter of law. The Fifth Amendment provides that the government shall not take private property for public use without just compensation. U.S. Const., amend. V. That prohibition is made applicable to the states through the fourteenth amendment. *Canel v. Topinka*, 818 N.E.2d 311, 325 (Ill. 2004). The Illinois Constitution likewise prohibits the taking of private property for public use without just compensation. *Id*. Ill. Const.1970, art. I, § 15. However, the fifth amendment bars *the State or state actors* from taking private property without paying for it. *See Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Prot.*, 560 U.S. 702 (2010) (emphasis added). Hillgamyer fails to allege Tynski's actions amounted to government action or that Tynski was acting as a government agent and therefore her takings claim fails.

Finally, Tysnki argues that Hillgamyer fails to allege a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") with specificity and particularity as required by Rule 9(b). The Consumer Fraud Act prohibits the use of deceptive

acts or practices in the conduct of trade or commerce. 815 ILCS 505/2. To state a claim under the Consumer Fraud Act, Hillgamyer must allege facts showing: "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012). To determine unfairness a defendant's conduct must: (1) violate public policy; (2) be so oppressive that the consumer has little choice but to submit; and (3) cause consumers substantial injury. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010).

Hillgamyer argues that her counter-complaint does not allege fraud, but merely an unfair practice, and that she therefore properly meets the notice pleading requirements of Rule 8(a). However, allegations in Hillgamyer's counter-claim constitute fraudulent activity, namely that Tynski notarized a mortgage document despite the fact that Hillgamyer did not sign or affirm to Tynski that she signed the document. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011). When a plaintiff in federal court alleges fraud under the Consumer Fraud Act, the heightened pleading standard of Rule 9(b) applies. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir.2005). Having failed to meet this standard, Hillgamyer's claim that Tynski violated the Consumer Fraud Act necessarily fails.

**3. Stevens' motion to dismiss pursuant Fed.R.Civ.P. 9(b) and 12(b)(6)**

Hillgamyer's counter-complaint alleges Stevens negligently and/or intentionally authorized its employees to accept and notarize two promissory notes and corresponding mortgages as Hillgamyer's although Hillgamyer did not sign or affirm she signed any of the documents and that Stevens "otherwise participated in the loss of use of her property, slander of title, conversion, taking without just compensation, violation of the Illinois Notary Public Act, negligent training, negligent supervision, and violation of the Illinois Consumer Fraud Act." (Counter-Compl. at p. 3.) Stevens' motion to dismiss was stricken without prejudice on March 15, 2013 for failure to properly notice the motion for presentment. Hillgamyer filed a response to the motion on May 29, 2013. Stevens did not file a reply but the court has determined it requires no further briefing on the matter and, in the interest of judicial economy, herein addresses Stevens' motion to dismiss. For the reasons and arguments put forth as to counter-defendant Tynski, the Court also sua sponte dismisses Hillgamyer's conversion and taking without just compensation claims against Stevens.

In his motion to dismiss, Stevens argues that Hillgamyer fails to allege a violation of the Consumer Fraud Act with specificity and particularity as required by Rule 9(b). Hillgamyer again argues that she has alleged only an unfair practice and thus meets the pleading requirements of Rule 8(a). However, Hillgamyer's counter-claim against Stevens, like her counter-claim against Tynski, alleges fraudulent activity in that Stevens authorized his employees to accept and notarize documents as Hillgamyers when Hillgamyer alleges she did not sign or affirm she signed the documents. As discussed above, Hillgamyer fails to allege facts in her counter-complaint that meet the heightened pleading standard of Rule 9(b). *See Davis*, 396 F.3d at 883. Thus, Hillgamyer's Consumer Fraud Act violation against Stevens fails.

Stevens also argues that Hillgamyer fails to state a claim under the Illinois Notary Public Act ("Notary Act") and fails to state a claim for negligent training and supervision pursuant to Fed.R.Civ.P. 12(b)(6). The employer of a notary public can be liable for a notary's misconduct if the notary was acting within the scope of employment at the time of the misconduct and the employer consented to the notary's misconduct. 5 ILCS 312/7–102. The Illinois Supreme Court has explained that the Notary Act requires an employer to have some knowledge of the notary's misconduct before it can be liable. *Vancura v. Katris*, 238 Ill.2d 352, 378–80 (2010). Moreover, in order to hold an employer liable for negligent training or supervision of an employee, a plaintiff must establish that the employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, having this knowledge, failed to supervise the employee adequately, or take other action to prevent the harm. *Id.*

Hillgamyer counter-claim and reply brief do little more than re-allege that Stevens' employees engaged in misconduct without alleging or providing any facts to show Stevens knew or should have known of such misconduct. While well-pleaded facts in a complaint are accepted as true, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption. *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011).

Hillgamyer urges the Court to rely upon Stevens' sworn statement attached to the Circuit Court foreclosure complaint as well as Stevens' affidavit of prove up in support of the judgment of foreclosure and sale filed with the Circuit Court in support of her claims. Stevens' sworn statement attached to the Circuit Court complaint states that he has read the original foreclosure complaint and knows the contents are true. (Dkt. # 54-1 at p. 1.) Stevens' affidavit of prove up

8

states that he has reviewed Integra's business records, that, according to the books and records, the notes and mortgages were signed by the Hillgamyers, and that the Hillgamyers defaulted on all notes and mortgages. (Dkt # 54-1 at p. 2-5.) However, this document is not attached to Hillgamyer's 2-1401 petition nor Hillgmayer's counter-claim and is thus not properly submitted to the court on a motion to dismiss. Moreover, neither document suggests that Stevens knew or should have known that his employees were engaged in any alleged misconduct.

For the foregoing reasons, Hillgamyer fails to state a cause of action under the Notary Act and negligent training and supervision and Stevens' motion to dismiss is granted.

**Conclusion**

For the reasons stated above, the FDIC's motion to dismiss pursuant to Fed.R.Civ.P 12(b)(1) is denied.

Tynski's motion to dismiss is granted in part and denied in part. Tynski's motion to dismiss Hillgamyer's counter-complaint pursuant to Fed.R.Civ.P. 10(b) is denied. Tysnki's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) with respect to Hillgamyer's claims of conversion, taking without just compensation and violation of the Illinois Consumer Fraud Act is granted. Hillgamyer's conversion and taking without just compensation claims against Tynski are dismissed with prejudice and Hillgamyer's Illinois Consumer Fraud Act claim against Tynski is dismissed without prejudice.

Stevens' motion to dismiss is granted. Hillgamyer's conversion and taking without just compensation claims against Stevens are sua sponte dismissed with prejudice. Hillgamyer's Illinois Consumer Fraud Act, Illinois Notary Public Act and negligent training and supervision claims are dismissed without prejudice.

Hillgamyer may amend her complaint to cure defects within 28 days or all claims dismissed without prejudice in this order will be deemed dismissed with prejudice.

IT IS SO ORDERED.

_____

Date: December 2, 2013

_____

Sharon Johnson Coleman

United States District Judge